UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ARCHIE PHILLIPS,

                              Petitioner,

        v.                                          **DECISION AND ORDER**
                                                         20-CV-862S
UNITED STATES OF AMERICA,                           14-CR-126S (1)

                              Respondent.


## I. INTRODUCTION

Presently before this Court is Petitioner Archie Phillips's pro se Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255.  For the reasons discussed below, Phillips's motion is denied.

## II. BACKGROUND

On March 20, 2018, Phillips appeared before this Court and pleaded guilty to conspiring to possess with intent to distribute, and to distribute, five kilograms or more of cocaine, in violation of 21 U.S.C. § 846.  See Docket Nos. 176, 179.  He did so with the benefit of a plea agreement, in which he waived his right to appeal or collaterally attack any sentence that fell within or below the contemplated Guidelines range—262-327 months' imprisonment.  See Plea Agreement, Docket No. 176, ¶¶ 1, 16.

On July 18, 2018, this Court sentenced Phillips to 192 months' imprisonment, 5 years' supervised release, a $100 special assessment, and no fine, fees, or costs.  See Docket Nos. 199, 201.  The Clerk of Court entered judgment on July 24, 2018.  See Docket No. 201.

Phillips filed a Notice of Appeal on July 25, 2018.  See Docket No. 203.  On August

30, 2019, the United States Court of Appeals for the Second Circuit granted the government's motion to dismiss Phillips's appeal of his terms of imprisonment and supervised release as barred by his valid appeal waiver, and summarily affirmed his conviction, special conditions of supervised release, forfeiture, and special assessment. See Docket No. 211.  The court entered its mandate on October 4, 2019.  See id.

Phillips timely filed the instant Motion to Vacate, Set Aside, or Correct his Sentence on July 7, 2020.  See Docket No. 212.  After full briefing, including recent amendment, this Court took the motion under advisement without oral argument.  See Docket Nos. 212, 214, 215, 216.

## III. DISCUSSION

### A.    § 2255 Proceedings

Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the legality of their sentences.  That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (a).

Importantly, a § 2255 motion is not a substitute for an appeal.  See Bousley v. United States, 523 U.S. 614, 621, 118 S. Ct. 1604, 140 L. Ed. 2d 828 (1998) ("Habeas review is an extraordinary remedy and 'will not be allowed to do service for an appeal.'") (quoting Reed v. Farley, 512 U.S. 339, 354, 114 S. Ct. 2291, 2300, 129 L. Ed. 2d 277 (1994)).  Relief under § 2255 is therefore narrowly limited, with collateral attack on a final

criminal judgment available "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in complete miscarriage of justice." Graziano v. United States, 83 F.3d 587, 589-90 (2d Cir. 1996) (per curiam) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995) (internal quotation marks omitted)). This narrow limitation preserves respect for finality, allows for the efficient allocation of judicial resources, and recognizes an aversion to retrying issues long after they occur. See Bokun, 73 F.3d at 12 (citations omitted).

To shape the narrow relief available under § 2255, two procedural rules apply to make it more difficult for a defendant to upset a final criminal judgment on collateral review. See Yick Man Mui v. United States, 614 F.3d 50, 53 (2d Cir. 2010). First, the "mandate rule" bars re-litigation of issues already decided on direct appeal. See id.; see also Burrell v. United States, 467 F.3d 160, 165 (2d Cir. 2006); United States v. Perez, 129 F.3d 255, 260 (2d Cir. 1997) ("[I]t is well-established that issues decided on direct appeal may not be re-litigated in the context of a petition under § 2255.") This includes "not only . . . matters expressly decided by the appellate court, but also . . . re-litigation of issues impliedly resolved by the appellate court's mandate." Yick Man Mui, 614 F.3d at 53 (citing United States v. Ben Zvi, 242 F.3d 89, 95 (2d Cir. 2001)). But an exception exists for cases involving intervening changes in the law, in which case the petitioner "must show that there is new law which, when applied to their claims, would result in a different disposition." Chin v. United States, 622 F.2d 1090, 1092 (2d Cir. 1980) ("Reconsideration [of claims previously raised on direct appeal] is permitted only where there has been an intervening change in the law and the new law would have exonerated

a defendant had it been in force before the conviction was affirmed on direct appeal.") (citing United States v. Loschiavo, 531 F.2d 659, 664 (2d Cir. 1976)).

Second, the "procedural default" rule bars the collateral review of non-constitutional, non-jurisdictional claims that could have been raised on direct appeal, unless the petitioner shows cause for failing to raise the claims on direct review and actual prejudice or actual innocence. See Bousley, 523 U.S. at 622-23 (citations omitted); see also United States v. Thorn, 659 F.3d 227, 231 (2d Cir. 2011); Brennan v. United States, 867 F.2d 111, 117 (2d Cir. 1989) ("non-constitutional and non-jurisdictional claims are generally procedurally foreclosed to a section 2255 petitioner if not raised on direct appeal").  To satisfy the cause component, the petitioner must show circumstances "external to the petitioner, something that cannot be fairly attributed to him."  Marone v. United States, 10 F.3d 65, 67 (2d Cir. 1993).  To satisfy the prejudice component, the petitioner must demonstrate prejudice that creates an "actual and substantial disadvantage, infecting . . . error of constitutional dimensions."  See United States v. Frady, 456 U.S. 152, 170, 102 S. Ct. 1584, 71 L. Ed. 2d 816 (1982).  To establish actual innocence, the petitioner must show "that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him."  Bousley, 523 U.S. at 623 (internal quotation marks and citation omitted).  But this rule does not apply to ineffective-assistance-of-counsel claims, which may be brought in a § 2255 motion regardless of whether they could have been raised, or were raised, on direct appeal.  See Massaro v. United States, 538 U.S. 500, 508-09, 123 S. Ct. 1690, 1696, 155 L. Ed. 2d 714 (2003).

In addition to these two rules, waiver principles also apply.  It is well established that a knowing, voluntary, and competent waiver made as part of a plea agreement is

presumptively and generally enforceable.  See Sanford v. United States, 841 F.3d 578, 580 (2d Cir. 2016) (per curiam); see also United States v. Riggi, 649 F.3d 143, 147 (2d Cir. 2011); United States v. Hernandez, 242 F.3d 110, 113 (2d Cir. 2001).  "An enforceable waiver bars claims based on grounds that arose after, as well as before, the [plea] agreement was signed."   Muniz v. United States, 360 F. Supp. 2d 574, 577 (S.D.N.Y. 2005) (citing Garcia-Santos v. United States, 273 F.3d 506, 509 (2d Cir. 2001) (per curiam)).  Thus, "[i]n no circumstance . . . may a [petitioner] who has secured the benefits of a plea agreement and knowingly and voluntarily waived the right to appeal a certain sentence, then appeal the merits of a sentence conforming to the agreement. Such a remedy would render the plea bargaining process and the resulting agreement meaningless."   United States v. Salcido-Contreras, 990 F.2d 51, 53 (2d Cir. 1993). Waivers, however, are strictly construed against the government due to its greater bargaining power and because it usually drafts the plea agreement.  See Yushuvayev v. United States, 532 F. Supp. 2d 455, 468 (E.D.N.Y. 2008).

Discovery in § 2255 proceedings is governed by Rule 6 of the Rules Governing Section 2255 Proceedings for the United States District Courts.  Leave of court is required to engage in discovery, which may be granted for good cause.  See Rule 6 (a).  Such discovery is conducted under the Federal Rules of Criminal or Civil Procedure, or "in accordance with the practices and principles of law."[1]  Id.  The party requesting discovery must provide reasons for the request, which must "include any proposed interrogatories and requests for admission, and must specify any requested documents."  Rule 6 (b).

A petitioner may also be entitled to an evidentiary hearing.  Section 2255 provides

---

[1] "If necessary for effective discovery, the judge must appoint an attorney for a moving party who qualifies to have counsel appointed under 18 U.S.C. § 3006A."  Rule 6 (a).

that a court shall hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." To determine whether a hearing is necessary, the court "must review the answer, any transcripts and records of prior proceedings, and any [additional materials submitted by the parties]." Rule 8 (a). If a hearing is necessary, the court must appoint an attorney to any moving party who qualifies for the appointment of counsel under 18 U.S.C. § 3006A. See Rule 8 (c). A hearing is generally warranted only where the petitioner establishes a plausible claim. See Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009).

The Second Circuit has further described the standard for holding a § 2255 evidentiary hearing as follows:

> In ruling on a motion under § 2255, the district court is required to hold a hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; see, e.g., Pham v. United States, 317 F.3d 178, 185 (2d Cir. 2003) (§ 2255 does not permit summary dismissals of motions that present facially valid claims). However, the filing of a motion pursuant to § 2255 does not automatically entitle the movant to a hearing; that section does not imply that there must be a hearing where the allegations are "vague, conclusory, or palpably incredible." Machibroda v. United States, 368 U.S. 487, 495, 82 S. Ct. 510, 7 L. Ed. 2d 473 (1962); see, e.g., Chang v. United States, 250 F.3d 79, 85 (2d Cir. 2001). To warrant a hearing, the motion must set forth specific facts supported by competent evidence, raising detailed and controverted issues of fact that, if proved at a hearing, would entitle him to relief. See, e.g., Machibroda, 368 U.S at 494, 82 S. Ct. 510; United States v. Aiello, 814 F.2d 109, 113-14 (2d Cir. 1987).

Gonzalez v. United States, 722 F.3d 118, 130-31 (2d Cir. 2013).

Ultimately, the petitioner bears the burden of proving entitlement to relief under § 2255 by a preponderance of the evidence. See Galviz Zapata v. United States, 431 F.3d 395, 399 (2d Cir. 2005) (citing Williams v. United States, 481 F.2d 339, 346 (2d Cir.

6

1973)); see also Triana v. United States, 205 F.3d 36, 30 (2d Cir. 2000).

**B.      Phillips knowingly, voluntarily, and competently waived his rights to appeal and collaterally attack his sentence.**

A defendant's knowing, voluntary, and competent waiver of his right to appeal and collaterally attack his sentence is presumptively enforceable.  See Riggi, 649 F. 3d at 147.  Because a valid waiver provision itself may bar a petitioner's claims, enforceability must be determined as a threshold matter.

To determine whether a challenged waiver is enforceable, courts examine the underlying record and may rely on a defendant's sworn statements during the plea allocution, see Salerno v. Berbary, 389 F. Supp. 2d 480, 484 (W.D.N.Y. 2005), which statements "carr[y] such a strong presumption of accuracy that a district court does not, absent a substantial reason to find otherwise, abuse its discretion in discrediting later self-serving and contradictory testimony," United States v. Juncal, 245 F.3d 166, 171 (2d Cir. 2001).

Phillips does not challenge the knowing, voluntary, and competent nature of his guilty plea, including his waiver of his right to appeal or collaterally attack his sentence. His only claim is that his lawyer was ineffective during a suppression hearing before the magistrate judge.  Indeed, both the plea agreement and plea allocution demonstrate the validity of Phillips's waiver.

First, in his plea agreement, Phillips acknowledged his rights to appeal and collaterally attack his sentence and then knowingly agreed to waive them as follows:

> The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed.   The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls

7

within or is less than the sentence range for imprisonment, a fine and supervised release set forth in Section III, ¶ 10, above, notwithstanding the manner in which the Court determines the sentence.  In the event of an appeal of the defendant's sentence by the government, the defendant reserves its [sic] right to argue the correctness of the defendant's sentence.

The defendant understands that by agreeing to not collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

Plea Agreement, ¶¶ 16, 17.

Phillips further acknowledged that he had read the plea agreement, that he had a full opportunity to discuss the terms of the plea agreement with his lawyer, that the agreement represented the total agreement between himself and the government, that no promises or representations other than those contained in the plea agreement were made to him, that he understood all of the consequences of his guilty plea, that he fully agreed with the contents of the plea agreement, and that he was entering the plea agreement voluntarily and of his own free will.  Id. ¶ 21 and p. 9.

Second, the plea allocution confirms that Phillips validly waived his rights to appeal or collaterally attack his sentence.  Phillips expressed the voluntary nature of his plea (see Plea Transcript, Docket No. 208, pp. 5, 23), his satisfaction with his lawyer (see id. pp. 5-6, 23), his understanding of the appeal-waiver provisions (see id. pp. 17-21), and his acknowledgement that no promises other than those in the written plea agreement were made to him (see id. p. 23).

Consequently, having thoroughly examined the record, and in the absence of any contention otherwise, this Court finds that Phillips entered his guilty plea and its waiver

8

provisions knowingly, voluntarily, and competently.

**C.    Phillips's claim is barred by the waiver provision in his plea agreement.**

Construing Phillips's submissions and arguments liberally, as required, <u>see</u> <u>Marmolejo v. United States</u>, 196 F.3d 377, 378 (2d Cir. 1999) (per curiam), this Court finds that he brings a single claim: that his lawyer was ineffective during a suppression hearing before the magistrate judge.  <u>See</u> Docket No. 212, pp. 12 (identifying the sole claim as "trial counsel's performance was constitutionally deficient and prejudicial during the suppression hearing stages of the proceedings"), 14 ("Petitioner Phillips asserts herein that, Counsel Cotter's performance was deficient [sic] showed prejudice during the May 4 and 6, 2017, Suppression hearing."); 17-18 (requesting re-opening of the suppression hearing and seeking suppression of statements).

Having found that Phillips knowingly, voluntarily, and competently waived his appeal and collateral-attack rights, this Court must enforce the waiver.  <u>Cf.</u> <u>United States</u> <u>v. Granik</u>, 386 F.3d 404, 412 (2d Cir. 2004) ("Knowing and voluntary appellate waivers included in plea agreements must be enforced because, if they are not, the covenant not to appeal becomes meaningless and would cease to have value as a bargaining chip in the hands of defendants.").  While there are narrow exceptions to the general enforceability of waivers, none of them apply here.  A waiver provision is presumptively enforceable other than

> (1) when the waiver was not made knowingly, voluntarily, and competently, (2) when the sentence was imposed based on constitutionally impermissible factors, such as ethnic, racial or other prohibited biases, (3) when the government breached the plea agreement, or (4) when the sentencing court failed to enunciate any rationale for the defendant's sentence, thus amounting to an abdication of judicial responsibility subject to mandamus.

Sanford, 841 F.3d at 580 (quoting United States v. Gomez-Perez, 215 F.3d 315, 319 (2d Cir. 2000)).  Since none of these exceptions apply, this Court must enforce the waiver.

A valid "waiver bars claims based on grounds that arose after, as well as before, the [plea] agreement was signed."  Muniz, 360 F. Supp. 2d at 577.  A valid guilty plea "conclusively resolves the question of factual guilt supporting the conviction, thereby rendering any antecedent constitutional violation bearing on factual guilt a non-issue." United States v. Gregg, 463 F.3d 160, 164 (2d Cir. 2006); see Tollett v. Henderson, 411 U.S. 258, 267, 93 S. Ct. 1602, 1608, 36 L. Ed. 2d 235 (1973) (noting that if a defendant validly admits guilt, "he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea").  And the Second Circuit has "long enforced waivers of direct appeal rights in plea agreements, even though the grounds for appeal arose after the plea agreement was entered into." Garcia-Santos, 273 F.3d at 509 (citing United States v. Yemitan, 70 F.3d 746, 747-48 (2d Cir. 1995)); see also United States v. Harrison, 699 F.3d 158, 159 (2d Cir. 2012) (per curiam) (finding that the petitioner's "inability to foresee that subsequently decided cases would create new appeal issues does not supply a basis for failing to enforce an appeal waiver") (quoting Riggi, 649 F.3d at 150 n. 7 )); Medina v. United States, 16 Civ. 5043 (AT)(JCF), 94 Cr. 0872 (SAS)(JCF), 2017 WL 476670, at *2 (S.D.N.Y. Feb. 3, 2017) (citing Garcia-Santos in rejecting a petitioner's argument that his waiver was not knowing and voluntary "because he could not have known 'that he was also waiving a right that didn't exist at the time of the guilty plea'").  The same is true for enforcement of waivers of collateral attack under § 2255.  See Garcia-Santos, 273 F.3d at 509 ("The reasons for enforcing waivers of direct appeal [when the grounds for appeal arose after the plea

10

agreement was entered into] lead us to the same conclusion as to waivers of collateral attack under § 2255.").

Phillips's ineffective-assistance-of-counsel claim is not of the type that fall outside of the waiver. "[A] waiver of appellate or collateral attack rights does not foreclose an attack on the validity of the process by which a waiver has been procured," such as a plea agreement. Frederick v. Warden, Lewisburg Corr. Facility, 308 F.3d 192, 195 (2d Cir. 2002). A waiver may therefore be unenforceable if the petitioner has a meritorious claim that it was procured as the result of ineffective assistance of counsel. See United States v. Monzon, 359 F.3d 110, 118-19 (2d Cir. 2004); see El Saleh v. United States, 13-CV-1567 (DLI), 2016 WL 4734601, at *3 (E.D.N.Y. Sept. 9, 2016) ("[A] defendant cannot be bound by an appeal waiver if the decision to enter a plea agreement was the product of counsel's ineffective assistance") (citing Hernandez, 242 F.3d at 114)).

Thus, "[a]n ineffective assistance of counsel claim survives the guilty plea or the appeal waiver *only* where the claim concerns the advice the defendant received from counsel" that informed his or her decision to enter the guilty plea. Parisi v. United States, 529 F.3d 134, 138-39 (2d Cir. 2008) (emphasis added). This is because, if a petitioner challenges counsel's effectiveness in connection with the plea agreement itself, he is in essence challenging the constitutionality of the process by which he waived his right to collaterally attack the sentence, and his claim therefore survives the waiver. Id. ("although challenging the attorney's role in shaping the defendant's bargaining position cannot avoid the waiver, challenging the attorney's advice about that bargaining position, by connecting the knowing and voluntary nature of the defendant's plea decision with the attorney's conduct, does."); see also El Saleh, 2016 WL 4734601, at *3 ("[W]here an

attorney's ineffective assistance caused a defendant to agree to a waiver, a court must look past the waiver and examine the underlying merits of the ineffective assistance claim.").  In short, ineffective-assistance-of-counsel claims that affect the plea process survive the waiver, and those that do not, do not.  See id. at *5.

Phillips's ineffective-assistance-of-counsel claim does not relate to the plea process; it relates to a pre-trial suppression hearing.  Because this claim does not relate to the plea process, it does not survive the valid, enforceable waiver.  See Mitchell v. United States, Case Nos. 14-CV-6350-FPG, 11-CR-6019-FPG, 2020 WL 587883, at *7 (W.D.N.Y. Feb. 6, 2020) (finding pre-plea ineffective-assistance-of-counsel claims barred by valid waiver where they pertained solely to pre-plea errors that did not pertain to the plea process); United States v. Hill, Nos. 13 Civ. 1107 (LAP), 11 Cr. 145 (LAP), 2014 WL 104565, at *7 (S.D.N.Y. Jan. 7, 2014) (holding that valid waiver bars failure-to-investigate and other pre-plea claims); United States v. Cano, 494 F. Supp. 2d 243, 248 (S.D.N.Y. 2007) (finding that only "when the claim relates to the negotiation and entry of a plea or sentencing agreement" may "[c]laims of ineffective assistance of counsel . . . survive § 2255 waivers").  Consequently, Phillips's claim fails as barred by the waiver provisions in his plea agreement.  See Oehne v. United States, No. 03:14-CV-44 (JCH), 2016 WL 10721817, at *11 (D. Conn. Oct. 20, 2016) (finding that "suppression-related claim is barred because it is clearly unrelated to the process by which [the defendant] decided to plead guilty").

**D.    Evidentiary Hearing**

As indicated above, § 2255 provides that a court must hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the

prisoner is entitled to no relief."  Rule 4 (b) also provides that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."

Here, this Court finds that no evidentiary hearing is warranted or required because Phillips's motion and the record conclusively demonstrate that Phillips is not entitled to relief under § 2255.  See Orbach v. United States, 11 Cr. 111 (NRB), 2017 WL 5632815, at *7 (S.D.N.Y. Nov. 7, 2017) (denying request for a § 2255 hearing where "[t]he existing record is conclusive that petitioner is not entitled to relief on any theory presented to [the court]").

## E.    Certificate of Appealability

For a certificate of appealability to issue, a petitioner must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253 (c)(2).  To make the required "substantial showing," Phillips must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Rhagi v. Artuz, 309 F.3d 103, 106 (2d Cir. 2002) (per curiam) (citations and internal quotation marks omitted).  Phillips has made no such substantial showing of the denial of a constitutional right in this case.  A certificate of appealability will therefore not be issued.

## IV. CONCLUSION

For the reasons stated above, Phillips's Motion to Vacate, Set Aside or Correct his Sentence is denied.  If Phillips wishes to appeal, he must file a Notice of Appeal with the Clerk's Office, United States District Court, Western District of New York, within 60 days of the date of judgment in this action.  Requests to proceed on appeal as a poor person,

if any, must be filed with the United States Court of Appeals for the Second Circuit, in accordance with the requirements of Rule 24 of the Federal Rules of Appellate Procedure.

## V. ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction under 28 U.S.C. § 2255 (Docket No. 212) is DENIED.

FURTHER, that this Court hereby certifies, pursuant to 28 U.S.C. § 1915 (a)(3) and Rule 24 (a)(3) of the Federal Rules of Appellate Procedure, that any appeal from this Decision and Order would not be taken in good faith and therefore leave to appeal as a poor person is DENIED.  See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

FURTHER, that a Certificate of Appealability under 28 U.S.C. § 2253 is DENIED.

FURTHER, that the Clerk of Court is directed to CLOSE 20-CV-862S.

FURTHER, that the Clerk of Court is directed to mail a copy of this decision to Petitioner at his correctional institution of record.

SO ORDERED.


Dated:        May 28, 2021
              Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge

14