UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ARCHIE PHILLIPS,

                Petitioner,

    v.                                          **DECISION AND ORDER**
                                                         14-CR-126S (1)

UNITED STATES OF AMERICA

                Respondent.

        1.     On May 26, 2021, this Court granted Petitioner's motion to amend his previously filed Motion to Vacate, Set Aside, or Correct his Sentence under 28 U.S.C. § 2255 to include an affidavit from Beverly Fields. (Docket No. 217.) Two days later, this Court denied Petitioner's § 2255 motion in its entirety as barred by his knowing, voluntary, and competent waiver of his right to appeal and collaterally attack his sentence. See Phillips v. United States, 20-CV-862S, 14-CR-126S (1), 2021 WL 2187147 (W.D.N.Y. May 28, 2021). Now before this Court is Petitioner's Motion to Amend his previously denied § 2255 motion to include an expanded affidavit from Fields. This Court construes Petitioner's pro se motion as both a motion to amend and a motion for reconsideration, both of which are denied for the reasons set forth below.

        2.     Petitioner's request to amend his § 2255 motion is moot since this Court has already resolved it. Moreover, even if Petitioner had submitted the expanded version of Fields's affidavit that he now seeks to put before this Court, it would have made no difference in the outcome, since Petitioner's motion is barred by the terms of his valid waiver. Petitioner's motion to amend will therefore be denied.

3. For this same reason, Fields's expanded affidavit is insufficient grounds for reconsideration. A district judge may modify pre-trial rulings and interlocutory orders at any time prior to final judgment. See In re United States, 733 F.2d 10, 13 (2d Cir. 1984). Reconsideration of a prior decision is generally justified in any one of the following three circumstances: (1) an intervening change in controlling law; (2) new evidence; or (3) the need to correct a clear error of law or to prevent manifest injustice. See Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992); see also Amerisure Ins. Co. v. Laserage Tech. Corp., No. 96-CV-6313, 1998 WL 310750, *1 (W.D.N.Y. Feb. 12, 1998) (citing United States v. Adegbite, 877 F.2d 174, 178 (2d Cir. 1989)).

4. The decision whether to grant or deny a motion to reconsider lies in this Court's discretion. See McCarthy v. Manson, 714 F.2d 234, 237 (2d Cir. 1983). Parties bringing motions to reconsider "should evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." Duane v. Spaulding & Rogers Mfg. Inc., No. 92-CV-305, 1994 WL 494651, *1 (N.D.N.Y. Aug. 10, 1994) (quoting McDowell Oil Serv. v. Interstate Fire & Cas., 817 F. Supp. 538, 541 (M.D. Pa. 1993)). Motions for reconsideration are not to be used to reargue matters already disposed of by prior rulings or to put forward additional arguments that could have been raised before the decision. See Duane, 1994 WL 494651 at *1. After all, a "motion for reconsideration is not a device intended to give an unhappy litigant one additional chance to sway the judge." Nossek v. Bd. of Ed. of Duanesburg Cent. Sch. Dist., No. 94-CV-219, 1994 WL 688298, *1 (N.D.N.Y. Nov. 10, 1994).

5.     Upon consideration of Petitioner's present motion, this Court is not convinced that its previous decision must be revisited.   Petitioner does not persuasively allege any of the three circumstances under which reconsideration may be warranted. See Virgin Atl. Airways, 956 F.2d at 1255.   Moreover, even if the expanded Fields affidavit is considered, Petitioner is still not entitled to the relief he seeks due to his valid appeal and collateral attack wavier.   Put simply, Fields's expanded affidavit does not change the waiver analysis.   Accordingly, reconsideration is denied.

6.     Further construing Petitioner's motion, Rule 59 (e) permits a party to seek reconsideration of a court's judgment, so long as the party files its motion to amend or alter the judgment no later than 28 days after its entry.   "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp. Inc., 70 F.3d 255, 257 (2d Cir. 1995).   Relief can also be granted to "correct a clear error or prevent manifest injustice."   Int'l Ore & Fertilizer Corp. v. SGS Control Servs., Inc., 38 F.3d 1279, 1287 (2d Cir. 1994) (quoting Virgin Atl., 956 F.2d at 1255).

7.     The existence of new evidence may also justify reconsideration. See Virgin Atl., 956 F.2d at 1255.   The rule is not, however, "a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" Sequa Corp. v. GBJ Corp., 156 F.3d 136, 144 (2d Cir. 1998).   The decision to grant a Rule 59 (e) motion is within the sound

discretion of the court.  New York v. Holiday Inns, Inc., No. 83-CV-564S, 1993 WL 30933, at *4 (W.D.N.Y. 1993).

8. Here, Petitioner's motion is untimely and unpersuasive under Rule 59 (e). Petitioner points to no persuasive matters or controlling caselaw that this Court overlooked nor is there any clear error or manifest injustice in this Court's Order. Petitioner simply seeks to buttress his failed arguments with a largely irrelevant expanded affidavit. For these reasons, Petitioner's motion, to the extent it seeks relief under Rule 59 (e), is denied.

9. Finally, this Court also considers Petitioner's motion under Rule 60. Rule 60 (b) enumerates certain circumstances under which a district court may relieve a party from a final judgment, including (1) mistake, inadvertence, surprise, or excusable neglect, and (2) any other reason that justifies relief. Fed. R. Civ. P. 60 (b)(1) and (6). Generally, a Rule 60 (b) motion should be granted only in "extraordinary circumstances" when it is necessary to "override the finality of judgments in the interest of justice." Andrulonis v. United States, 26 F.3d 1224, 1235 (2d Cir. 1994); see also Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986) (noting that "[s]ince 60 (b) allows extraordinary judicial relief, it is invoked only upon a showing of exceptional circumstances").

10. When evaluating a Rule 60 (b) motion, courts strive to "strike[ ] a balance between serving the ends of justice and preserving the finality of judgments." Nemaizer, 793 F.2d at 61. Thus, the Second Circuit has set forth a three-prong test that must be satisfied for a Rule 60 (b) motion to succeed: "(1) there must be 'highly convincing' evidence in support of the motion; (2) the moving party must show good cause for failing

to act sooner; and (3) the moving party must show that granting the motion will not impose an undue hardship on any party." Esposito v. New York, No. 07 Civ. 11612, 2010 WL 4261396, at *2 (S.D.N.Y. Oct. 25, 2010) (citing Kotlicky v. United States Fid. Guar. Co., 817 F.2d 6, 9 (2d Cir. 1987)). The decision to grant relief under Rule 60 (b) is left to the "sound discretion" of the district court. In re Lawrence, 293 F.3d 615, 623 (2d Cir. 2002) (citing Parker v. Broad. Music, Inc., 289 F.2d 313, 314 (2d Cir. 1961)).

11. Here again, Petitioner fails to meet the high standard for relief under Rule 60 (b). No extraordinary circumstances are presented; no mistakes have been made; and no highly convincing evidence warranting a change in this Court's decision has been submitted. Consequently, Petitioner's motion, construed under Rule 60, is denied.

IT HEREBY IS ORDERED, that Petitioner's motion (Docket No. 219) is DENIED.

FURTHER, that this Court hereby certifies, pursuant to 28 U.S.C. § 1915 (a)(3) and Rule 24 (a)(3) of the Federal Rules of Appellate Procedure, that any appeal from this Decision and Order would not be taken in good faith and therefore leave to appeal as a poor person is DENIED. See Coppedge v. United States, 369 U.S. 438, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

FURTHER, that a Certificate of Appealability under 28 U.S.C. § 2253 is DENIED.

FURTHER, that the Clerk of Court is directed to mail a copy of this decision to Petitioner at his correctional institution of record.

SO ORDERED.

Dated: July 15, 2021
       Buffalo, New York

                                              <u>s/William M. Skretny</u>
                                              WILLIAM M. SKRETNY
                                              United States District Judge